Dear Senator Mueller:
You have requested our legal opinion whether the General Assembly can for the fiscal year 1980-81 appropriate more than $300,000 for the "emergency financial assistance program" operated under the auspices of the Department of Social Services pursuant to sections 660.150 to 660.200, RSMo Supp. 1979.
The program was established by sections 9 through 19 of House Bills Nos. 545, 21 and 485, an act of the First Regular Session of the 80th General Assembly, which adjourned June 30, 1979. The act was signed by the Governor July 31, 1979, and became effective September 28, 1979.
Section 660.190 of the act provides:
 Not more than three hundred thousand dollars from general revenue shall be appropriated by the general assembly for the support of the program established by this act for the first fiscal year and not more than three percent of any funds appropriated shall be used for the administrative expenses involved in administering the program. No funds shall be expended under the provisions of this act until there is a specific appropriation for that purpose. (Emphasis added)
Section 33.110, RSMo 1978, states that the fiscal year of the state "shall commence on July first and terminate on June thirtieth following, and the books, accounts and reports of the public officer shall be made to conform thereto. . ."
Although the act establishing the program became effective during fiscal year 1979-80, the first appropriation for the program, in the amount of $300,000, was authorized by the General Assembly for fiscal year 1980-81.
The substance of your question is whether the phrase "first fiscal year" in that section of the act which limits the amount of appropriations for support of a program established by the act for the first fiscal year, refers to (a) the fiscal year during which the act establishing the program became effective (i.e., fiscal year 1979-80), or (b) the fiscal year for which appropriations for the program were first authorized (i.e., fiscal year 1980-81).
Under (a) above, the General Assembly could authorize an emergency appropriation in January, 1981, in excess of the $300,000 already authorized for fiscal year 1980-81, because the statutory limitation would apply only to fiscal year 1979-80, for which no appropriations were made.
Under (b) above, the General Assembly could not authorize an emergency appropriation in January, 1981, because any additional appropriations for fiscal year 1980-81 would exceed the $300,000 already appropriated for that period, and would be prohibited by the limitation imposed by statute for the first fiscal year.
The intent of the General Assembly in employing the phrase "first fiscal year" without further qualification cannot be determined with certainty. There is a lack of case law on this particular question, however, it is our opinion that the phrase denotes the fiscal year during which the act establishing the program became effective, i.e., fiscal year 1979-80, and that, since no appropriation was authorized for the program during its first fiscal year, the General Assembly can appropriate more than $300,000 for the program for fiscal year 1980-81.
According to 86 C.J.S. Time, section 9, the term "fiscal year" means "the year embraced in the annual term for the opening and closing of financial accounts; in the administration of a state or government. . ., a period of twelve months — not necessarily concurring with the calendar year — with reference to which its appropriations are made and expenditures authorized, and at the end of which its accounts are made up and its books balanced . . ."
The term "first" can mean "earliest," 36A C.J.S. 488, and the first or earliest fiscal year for which an appropriationcould have been authorized for the program was fiscal year 1979-80. The Second Regular Session of the 80th General Assembly could have authorized an emergency appropriation for the program to take effect prior to the end of the fiscal year on June 30, 1980. Instead, however, it authorized a general appropriation in the amount of $300,000 for fiscal year 1980-81.
Therefore, it may be asserted that the General Assembly failed to authorize an appropriation for the first fiscal year of the program — the first fiscal year for which an appropriation could have been authorized — but did authorize an appropriation of $300,000 for the second fiscal year of the program.
The "fiscal year" for state governmental programs is a fixed, twelve-month period of time, commencing July firsteach year, and is the annual accounting period for each state program irrespective of whether the program was funded for that period.
To assert that the first fiscal year for the "emergency financial assistance program" enacted pursuant to section 660.150
et seq., was the fiscal period 1980-81 for which the program was first funded, and not the preceding fiscal period 1979-80 during which the program became effective and could have been funded, would create a void and would have the effect of eliminating the 1979-80 period from the fiscal calendar.
In conclusion, it is our opinion that the General Assembly can appropriate more than $300,000 during fiscal year 1980-81 for the "emergency financial assistance program" established pursuant to sections 660.150 et seq., RSMo Supp. 1979, and that the $300,000 limitation on appropriations for support of the program for the first fiscal year would apply to fiscal year 1979-80, for which no appropriations were authorized.
Very truly yours,
 JOHN ASHCROFT Attorney General